IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JASON CARROLL, | ) | CIV. NO. 14-00456 JMS-BMK |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING DEFENDANT GORDON R. HILTON'S MOTION TO |
| vs. | ) ) | DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, DOC. NO. |
| GORDON R. HILTON, and John Does 1-99; Jane Does 1-99; Doe Entities, 1-20; and Doe Governmental Units 1-10, | ) ) ) ) ) | 12 |
| Defendants. | ) ) | |

## ORDER DENYING DEFENDANT GORDON R. HILTON'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, DOC. NO. 12

### I. INTRODUCTION

Defendant Gordon R. Hilton ("Defendant") moves to dismiss Plaintiff Jason Carroll's ("Plaintiff") Complaint for lack of subject matter jurisdiction, contending that Plaintiff's naming of Doe Defendants necessarily destroys diversity of citizenship under 28 U.S.C. § 1332.[1] Doc. No. 12-1, Mot. at 4-5. The

---

[1] Joinder of unidentified defendants is allowed under Hawaii Rule of Civil Procedure 17(d), but "[t]here is no analogous provision in the Federal Rules of Civil Procedure." *Macheras v. Ctr. Art Galleries-Hawaii*, 776 F. Supp. 1436, 1438 (D. Haw. 1991). "The purpose of this rule is to allow a plaintiff to preserve an action against a party, whose name may not be known until after the running of the statute of limitations." *Id.* Federal law allows "Doe pleading" in suits
(continued...)

court determines this Motion without a hearing under Local Rule 7.2(d). Based on the following, the Motion is DENIED.[2]

## II. **DISCUSSION**

A. **The Presence of Doe Defendants Does Not Automatically Destroy Diversity of Citizenship**

In his Motion, Defendant largely relies on Seventh Circuit authority which, subject to narrow exceptions, holds that "because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) (citations omitted); *see also Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 450 (S.D.N.Y. 2014) ("[T]his lawsuit cannot proceed with unknown Doe defendants,

---

[1](...continued)
(unlike here) that are based on federal question jurisdiction, although such use "is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[2] In his Reply, Defendant improperly raises two additional arguments that he did not mention at all in his Motion -- he asserts that the Complaint is deficient on its face under § 1332 for failure to allege the actual citizenship of the named parties, and he argues that the Complaint should be dismissed under Federal Rule of Civil Procedure 19 for failure to name an indispensable party. The court disregards these arguments. *See, e.g.*, *Menashe v. Bank of N.Y.*, 850 F. Supp. 2d 1120, 1137 n.8 (D. Haw. 2012) ("[T]he court does not address arguments raised for the first time in Reply.") (citing *Hi-Tech Rockfall Constr., Inc. v. Cnty. of Maui*, 2009 WL 529096, at *18 n.9 (D. Haw. Feb. 26, 2009) ("Local Rule 7.4 provides that '[a]ny arguments raised for the first time in the reply shall be disregarded.'")) (other citation omitted). And to the extent the court *sua sponte* raises its subject matter jurisdiction at this pleading stage, the Complaint adequately alleges diversity of citizenship of the actual named parties. *See* Doc. No. 1, Compl. ¶¶ 6, 11, 20, 44, 65.

2

whose identity as LLC members is critical to determining this Court's jurisdiction under § 1332.").

But federal courts are split on this question. *See, e.g.*, *Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 426 n.10 (1st Cir. 2007) (noting that "Federal courts do not agree on whether John Does are permitted in diversity cases originally filed in federal court," but declining to reach the issue) (citing cases); *Doe v. Ciolli*, 611 F. Supp. 2d 216, 219 (D. Conn. 2009) ("Federal courts are divided on the question of whether the existence of unidentified or 'Doe' defendants defeats diversity jurisdiction.") (comparing cases). And the Ninth Circuit has issued "conflicting approaches" on this issue. *See Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8, & 9*, 172 F.R.D. 411, 414 (D. Haw. 1996) (citing cases).

Nevertheless, a line of cases from the District of Hawaii -- interpreting and relying on Ninth Circuit precedent holding that state-law "Doe Defendant" provisions are "substantive" for purposes of the *Erie* doctrine because of their potential effect on statutes of limitations -- has concluded that the presence of Doe Defendants does *not* defeat diversity jurisdiction under § 1332. *See Ctr. Art Galleries*, 776 F. Supp. at 1438-39 (applying *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 800-01 (9th Cir. 1986)); *Fat T, Inc.*, 172 F.R.D. at 414-15 (same); *see also Bailey v. United States*, 289 F. Supp. 2d 1197, 1209 n.16 (D. Haw. 2003)

3

("'Doe' pleading in diversity cases is allowed.") (citing *Fat T, Inc.*). *Center Art Galleries* reasons that if Doe Defendants automatically destroy diversity jurisdiction, *Lindley's* holding that state "Doe statutes" are substantive law under the *Erie* doctrine would be meaningless. 776 F. Supp. at 1439. "[W]ould-be federal plaintiffs, who seek to exercise their rights under the state Doe statutes, would, paradoxically, be confined to state court." *Id.* at 1440.

Rather than automatically lacking diversity, a plaintiff who names Doe Defendants "runs the risk of having the case dismissed entirely should an indispensable party, who is not diverse, later surface[s]." *Id.*; *see also Fat T, Inc.*, 172 F.R.D. at 414 ("[A] more sensible approach [is] to allow Doe Defendants while deferring the jurisdictional question until actual parties are substituted."). Many other jurisdictions follow the same approach. *See, e.g.*, *Ciolli*, 611 F. Supp. 2d at 220 (citing *Center Art Galleries* and several decisions from district courts in the Second Circuit); *Johnson v. Rite Aid*, 2011 WL 2580375, at *1 (D. N.J. June 28, 2011) (citing cases); *But see Wong v. Rosenblatt*, 2014 WL 1419080, at *4 (D. Or. Apr. 11, 2014) (dismissing action without prejudice because of the presence of Doe Defendants).

Some of these cases also note that, for purposes of removal, Congress specifically allowed "Doe pleading" when it amended the removal statutes in 1988

4

to provide that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). *See, e.g.*, *Ctr. Art Galleries*, 776 F. Supp. at 1440 (extending the rule in the context of § 1441 to actions brought originally in federal court under § 1332); *Ciolli*, 611 F. Supp. 2d at 219 n.3.

The court is persuaded by the logic of prior caselaw from this District -- it will apply the reasoning of *Center Art Galleries* and *Fat T, Inc*. That is, the court concludes that "'the presence of fictitious defendants neither creates a presumption that diversity is destroyed, nor requires Doe defendants to be named, abandoned, or dismissed' in order for a diversity-based claim to be brought in federal court under § 1332." *Ctr. Art Galleries*, 776 F. Supp. at 1440 (quoting *Cowan v. Cent. Reserve Life of N. Am. Ins. Co.*, 703 F. Supp. 64, 65 (D. Nev. 1989)). Accordingly, Defendant's Motion is DENIED.

B.  **Plaintiff Shall Dismiss the Doe Defendants if Their Presence Is Unnecessary**

In his Opposition, Plaintiff represents that he "knows of no non-diverse real parties in interest," Doc. No. 14, Opp'n at 6, and explains that he named Doe Defendants simply "to ensure against the dismissal of the [tort] claims

5

. . . which are subject to Hawaii's 2-year statute of limitations if . . . Defendant Hilton contended that he was merely a nominal party[.]" *Id.* at 6-7. Thus, if discovery does not reveal any further need for the presence of Doe Defendants, Plaintiff shall be required to dismiss the Doe Defendants from this action. That is, if no actual Defendants are substituted for the Doe Defendants by the deadline for the joinder of additional parties (October 16, 2015, or any extension thereof set by a later scheduling order), then Plaintiff shall dismiss the Doe Defendants at that time. This approach will assure that diversity of citizenship is preserved, while still fulfilling the purposes of "Doe pleading" under Hawaii Rule of Civil Procedure 17(d).

### III. CONCLUSION

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED. Plaintiff, however, is required to dismiss the Doe Defendants from this action if their presence is not necessary. The deadline for

///

///

///

///

///

such dismissal is October 16, 2015 -- the date for joinder of additional parties, or any extension thereof set by a later scheduling order.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, April 22, 2015.



    /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Carroll v. Hilton, et al.*, Civ. No. 14-00456 JMS-BMK, Order Denying Defendant Gordon R. Hilton's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Doc. No. 12